IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SANK MARK BROWN, TDCJ #00778873, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-213 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This is a habeas proceeding brought by a person in state custody. The petitioner, Sank Mark Brown (TDCJ #00778873), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). In this petition, Brown challenges the retroactive application of a Texas Government Code provision addressing the frequency with which the Texas Board of Pardons and Paroles is required to reconsider for parole release an inmate who has previously been denied parole release. After reviewing the pleadings and applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **DISMISSED** for the reasons set forth below.

I.      **BACKGROUND**

According to his petition and publicly available records, Brown was sentenced in 1997 to 25 years in prison for aggravated sexual assault with a deadly weapon (Dkt. 1 at p. 2). *See*

*Brown v. State*, No. 05-97-00353-CR, 1998 WL 401097 (Tex. App.—Dallas July 20, 1998, pet. ref'd as untimely filed). Brown was denied parole at his first hearing (Dkt. 1-3 at p. 4). Under the statutes applicable at the time of his first hearing, the parole board was required to reconsider Brown at least one year, but less than five years, after the date on which he was denied parole (Dkt. 1-4). *See* Acts 2003, 78th Leg., R.S., ch. 349, § 1, 2003 Tex. Gen. Laws 1520. The length of time between parole hearings is commonly called (including by Brown himself) a "set-off." In other words, under the law applicable at the time of Brown's first parole hearing, his set-off was required to be at least one year long but could not be more than five years long. Brown asked for a set-off of less than the statutory maximum of five years, and he received a set-off of three years (Dkt. 1-3 at p. 4).

After Brown's first parole hearing, the law changed. In 2015, the Texas legislature amended the parole reconsideration statute to provide that, for inmates (like Brown) serving sentences for aggravated sexual assault, set-offs were still required to be at least one year long but could now be up to ten years long. *See* Acts 2015, 84th Leg., R.S., ch. 358, § 1, 2015 Tex. Gen. Laws 1548. That is where the law currently stands.[1] *See* TEX. GOV'T CODE § 508.141(g-1). Brown had another parole hearing in 2016, after the new reconsideration provisions had taken effect (Dkt. 1-3 at p. 5). He was again denied parole, and this time his set-off was five years long (Dkt. 1-3 at p. 5). The attachments to Brown's petition and the

---

[1] The new ten-year limit also applies to inmates who are serving life sentences for capital felonies. *See* TEX. GOV'T CODE § 508.141(g-1).

parole board's notes contained on the TDCJ website[2] indicate that Brown has been paroled in the past and that he violated the conditions of that parole (Dkt. 1-6 at pp. 1, 3) ("I'm back on a violation.").

Brown's primary complaint in this petition is that the retroactive application of the new reconsideration provisions to his case violates the Ex Post Facto Clause of the United States Constitution (Dkt. 1-3 at p. 5). Brown claims that, after the 2015 amendment, the parole board instituted a policy under which the minimum set-off for inmates like him is five years, which "worsened [his] chances of being considered for parole early" (Dkt. 1-3 at p. 5). He raised this argument in a state habeas petition, which the Texas Court of Criminal Appeals ("TCCA") denied without a written order. *See* Texas Court of Criminal Appeals Case Number WR-86,562-01. Brown's other complaint is that the TCCA did not adequately address the merits of his Ex Post Facto argument because the state habeas proceedings "focused on the 'illegality' of [Brown's] confinement" without examining the Ex Post Facto issues (Dkt. 1 at p. 6).

## II. THE STANDARD FOR OBTAINING FEDERAL HABEAS RELIEF

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded

---

[2]https://offender.tdcj.texas.gov/OffenderSearch/reviewDetail.action?sid=02609272&tdcj=007788 73&fullName=BROWN%2CSANK+MARK

-3-

as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The statutory provisions governing federal habeas proceedings initiated by state prisoners demand that state court decisions be given the benefit of the doubt. *Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d).

"Pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2)." *Martin v. Cain*, 246 F.3d 471, 475–76 (5th Cir. 2001) (quotation marks omitted).

A state court decision is contrary to clearly established law if the decision contradicts the governing law set forth by the Supreme Court or if the state court decides a case differently than the Court's precedent when the facts are materially indistinguishable. *Early v. Packard*, 123 S. Ct. 362, 365 (2002). A state court unreasonably applies federal law if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000). To be an unreasonable application of federal law, the state decision must be

objectively unreasonable and more than simply incorrect or erroneous. *Lockyer v. Andrade*, 123 S. Ct. 1166, 1174 (2003).

### III. THIS COURT CANNOT SHORTEN BROWN'S SET-OFF IN A HABEAS PROCEEDING.

As noted above, Brown asserts that the TCCA did not adequately address the merits of his Ex Post Facto argument because the state habeas proceedings "focused on the 'illegality' of [Brown's] confinement" without examining the Ex Post Facto issues (Dkt. 1 at p. 6). He expresses a concern that the TCCA's alleged failure strips this Court of jurisdiction to hear his federal habeas petition; and he insists that he "is not challenging the legality of his confinement" but is merely attacking "the parole board's set-off methods" as unconstitutional (Dkt. 1-1 at pp. 2–3). These statements raise the question of why Brown chose to pursue this action in the form of a federal habeas petition under 28 U.S.C. § 2254 instead of in the form of a civil rights complaint under 42 U.S.C. § 1983.

Section 1983 is an appropriate vehicle to attack unconstitutional parole procedures on Ex Post Facto grounds if resolution of the plaintiff's claims in his favor would not automatically entitle him to accelerated release. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Brown claims that he seeks not accelerated release but merely a shorter set-off, so he could have proceeded under Section 1983. *Id.* For that matter, if a shorter set-off is all Brown seeks, he *should* have proceeded under Section 1983, for to shorten his set-off is outside the bounds of this Court's habeas power. "[T]he writ [of habeas corpus] has but one remedy—to direct the liberation of a state

-5-

prisoner whose confinement violates federal law." *Smith v. Lucas*, 9 F.3d 359, 366 (5th Cir. 1993), *cert. denied*, 513 U.S. 828 (1994); *see also Fay v. Noia*, 372 U.S. 391, 430–31 (1963), *overruled on other grounds*, *Coleman v. Thompson*, 501 U.S. 722 (1991) ("Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power[.]"). The Supreme Court recently noted that it has never recognized habeas as an available remedy where the relief sought does not either terminate custody, accelerate the future date of release from custody, or reduce the level of custody. *Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (citing *Wilkinson*, 544 U.S. at 86 (Scalia, J., concurring)).

## IV. THE TCCA'S DECISION IS ENTITLED TO DEFERENCE.

In any event, to the extent that Brown is trying to obtain relief that would shorten or terminate his custody, the deferential Section 2254 standard applies. Brown presented his Ex Post Facto argument to the TCCA, and the TCCA denied habeas relief without a written order. When the TCCA denies habeas relief without a written order, the denial constitutes a denial of all the petitioner's non-procedurally-barred habeas claims on their merits. *Register v. Thaler*, 681 F.3d 623, 626 n. 8 (5th Cir. 2012). A "denial" is distinct from a "dismissal;" a "dismissal" denotes that the TCCA declined to consider the claim for reasons unrelated to the claim's merits. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The applicability of the deferential Section 2254 standard does not pivot on whether the state court issued an opinion explaining its reasoning; the state court need not cite Supreme Court

caselaw, or even be aware of it. *Harrington v. Richter*, 562 U.S. 86, 97–100 (2011). In fact, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was *no* reasonable basis for the state court to deny relief." *Id.* at 98 (emphasis added). By all indications, Brown's Ex Post Facto claim was adjudicated on the merits in state court, which means that the deferential standard of Section 2254 applies. *Id.* at 97–100.

## V. THE TCCA'S DECISION WAS NEITHER CONTRARY TO NOR AN UNREASONABLE APPLICATION OF FEDERAL LAW.

The TCCA's decision to reject Brown's Ex Post Facto claim did not violate the standards set forth in Section 2254. A law violates the Ex Post Facto Clause if it retroactively imposes punishment for an act that is greater than that prescribed when the act was committed. *Weaver v. Graham*, 450 U.S. 24, 28–29 (1981). "Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Id.* That said, the Supreme Court has rejected the argument that the Ex Post Facto Clause prohibits "any legislative change that has any conceivable risk of affecting a prisoner's punishment." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 508 (1995) (emphasis added). Rather, the trial court must rigorously assess the question of whether the change "creates a *significant* risk of prolonging [the inmate's] incarceration." *Garner v. Jones*, 529 U.S. 244, 251, 255 (2000) (emphasis added). A legislative change does not violate the Ex Post Facto Clause if it creates only a "speculative and attenuated possibility of producing the prohibited effect of increasing the

-7-

measure of punishment for covered crimes[.]" *Morales*, 514 U.S. at 509. The Supreme Court has acknowledged that, in the context of parole law, the risk calculation "is often a question of particular difficulty when the discretion vested in a parole board is taken into account." *Garner*, 529 U.S. at 250. Owing to the complexity of the question, the Supreme Court's jurisprudence has been "careful . . . not to adopt a single formula for identifying which legislative adjustments, in matters bearing on parole, would survive an *ex post facto* challenge." *Id.* at 251–52.[3]

Brown aims his Ex Post Facto challenge at the 2015 amendment to Section 508.141 of the Texas Government Code. He argues that application of the amended statute to him created a Constitutionally unacceptable risk that his punishment has been extended because it gave the parole board the power to give him longer parole set-offs than the pre-amendment statute did. As proof, he points to the fact that he was given a three-year set-off before the 2015 amendment and then, pursuant to an alleged parole board policy, given a five-year set-off after it. But that alone does not prove the existence of a Constitutionally unacceptable risk that the 2015 amendment lengthened his prison stay. The Fifth Circuit explained as much when addressing Ex Post Facto challenges to the pre-2015 Texas set-off law.

---

[3]In fact, in a recent opinion, the Supreme Court appears to concede that its *Morales* and *Garner* opinions "require . . . case-by-case judgments" under a "test [that] *cannot* be reduced to a single formula." *Peugh v. United States*, 133 S.Ct. 2072, 2082 & n. 3 (2013) (emphasis added; quotation marks omitted). At least one sitting justice—Justice Thomas, who, notably, wrote the majority opinion in *Morales*—has called the current *Morales/Garner* sufficient-risk test "unworkab[le.]" *Id.* at 2093 (Thomas, J., dissenting). The burden of establishing that a state court has unreasonably applied the Supreme Court's precedents would seem especially high in such a case.

The 2015 amendment that Brown's petition targets was not the first of its kind. In 2003, the Texas legislature gave the parole board the power to impose set-offs of up to five years on certain violent offenders (including offenders who, like Brown, were convicted of aggravated sexual assault) who had, up to that point, been accustomed to more frequent parole reviews. *See* Acts 2003, 78th Leg., R.S., ch. 349, § 1, 2003 Tex. Gen. Laws 1520. Several of those offenders brought Ex Post Facto challenges. In rejecting one such challenge, the Fifth Circuit reasoned:

> Here, the Board's ability to impose a longer set-off between Morris's parole reviews creates only a speculative risk of increased punishment. The change in parole laws did not mandate that the Board impose a longer set-off, it simply vested the Board with the discretion to do so. And although the Board can impose a five-year set-off between review dates, it also has discretion to adjust the review date or conduct a special review of Morris's case if new information becomes available. As such, the Board's ability to impose a longer period between parole reviews does not create a sufficient risk that Morris will be incarcerated for a longer period.
> *Morris v. Aycock*, 350 Fed. App'x 894, 897 (5th Cir. 2009) (footnotes omitted).

Although *Morris* was unpublished and dealt with an earlier statutory amendment, the Fifth Circuit's analysis in that opinion has tremendous force in this case; and the deferential standard employed in federal habeas (*Morris* was a Section 1983 case, so there was no statutory requirement that the federal courts defer to state court decisions) only steepens the hill that Brown must climb.

Brown does allege that, after the 2015 amendment, the parole board implemented a policy of automatically imposing set-offs of at least five years on inmates convicted of

aggravated sexual assault and capital offenses—an allegation that might be tantamount to a claim that the parole board and the Texas legislature specifically and impermissibly targeted inmates like Brown. *See Garner*, 529 U.S. at 253 ("The presence of discretion does not displace the protections of the Ex Post Facto Clause, however. The danger that legislatures might disfavor certain persons after the fact is present even in the parole context, and the Court has stated that the Ex Post Facto Clause guards against such abuse.") (citation and italics omitted). However, under *Garner* it was not unreasonable for the TCCA to conclude, based on the undisputed circumstances, that the risk that the new set-off policy has lengthened Brown's prison stay is insufficient to establish an Ex Post Facto violation. Brown was sentenced to 25 years in prison for sexually assaulting an ex-lover; the charge was elevated to one of aggravated sexual assault by Brown's use of a shotgun during the episode. *See Brown*, 1998 WL 401097 at *3. He has been denied parole release at least twice. Perhaps most importantly, according to the TDCJ website and the attachments to his petition, Brown has violated parole conditions in the past; and the parole board cited those prior violations as a reason for denying him release at his most recent hearing. These being the facts, "it is difficult to see how the Board increased the risk of [Brown's] serving a longer time when it decided that its parole review should be exercised after [a 5-]year, not a 3-year, interval." *Garner*, 529 U.S. at 255. And to insulate against such a risk, the parole board—as the Fifth Circuit noted in *Morris*—still retains the discretion to adjust Brown's review date or conduct a special review of his case if it receives new information.

Given the state of Supreme Court and Fifth Circuit jurisprudence addressing similar facts and issues—not to mention the Supreme Court's own explicit acknowledgment that cases like this present difficult questions that have thus far defied even the creation of a single formula for analyzing them—the Court cannot say that the TCCA's rejection of Brown's Ex Post Facto claim was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *See Garner*, 529 U.S. at 250–57; *Morris*, 350 Fed. App'x at 897; *Olstad v. Collier*, 326 Fed. App'x 261, 263–64 (5th Cir. 2009) ("The imposition by the Board of a potential five-year set-off until Olstad's next parole review presents no ex post facto violation because its effect on increasing Olstad's punishment is merely conjectural."); *Chambers v. Dretke*, No. 4:05-CV-2238, 2005 WL 2045460, at *2 (S.D. Tex. Aug. 24, 2005) ("This change does not increase Petitioner's punishment. It merely changes the rules governing the timing of subsequent parole reviews."). The circumstances may not forestall a cause of action under Section 1983 (a question on which the Court expresses no opinion here), but they certainly negate any possibility that his custody can be shortened or terminated in a federal habeas proceeding. The Court will dismiss Brown's habeas petition, but the dismissal will be without prejudice to Brown's refiling these claims under 42 U.S.C. § 1983.

## VI. <u>CERTIFICATE OF APPEALABILITY</u>

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.

Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (applying certificate of appealability requirement to petition filed by state prisoner under 28 U.S.C. § 2241).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After

careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## VII. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition (Dkt. 1) is **DISMISSED** without prejudice to Brown's refiling these claims under 42 U.S.C. § 1983.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on November 28, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE